

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-31-2006

# USA v. Cepeda

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4150

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"USA v. Cepeda" (2006). *2006 Decisions.* Paper 1357.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/1357

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 04-4150

UNITED STATES OF AMERICA

v.

CARLOS JOSE CEPEDA

Carlos Cepeda,
Appellant

On Appeal from the District Court of the Virgin Islands
Division of St. Thomas and St. John
D.C. Criminal No. 03-cr-00166-2
(Honorable Thomas K. Moore)

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 5, 2005
Before: SCIRICA, *Chief Judge*, McKEE and NYGAARD, *Circuit Judges*

(Filed   March 31, 2006 )

OPINION OF THE COURT

SCIRICA, *Chief Judge*.

This is an appeal from a plea of guilty and sentence.  Defendant Carlos Cepeda's

attorney has filed a motion to withdraw as court-appointed counsel in this case and has

filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Cepeda was subsequently and timely provided notice of his attorney's desire to withdraw and did not file a pro se brief.

Cepeda was arrested in Puerto Rico for conduct related to smuggling drugs from Curacao to St. Thomas. After a plea bargain, Cepeda pleaded guilty in March 2004 to conspiracy to possess with intent to distribute heroin, 21 U.S.C. § 846, and the government dropped two other counts. Granting the government's motion for a U.S.S.G. § 5k1.1 downward departure, the District Court of the Virgin Islands sentenced Cepeda to 45 months in prison.

Third Circuit Local Appellate Rule 109.2(a) provides that "where, upon review of the district court record, trial counsel is persuaded that the appeal presents no issue of even arguable merit, trial counsel may file a motion to withdraw and supporting brief" pursuant to *Anders*. In reviewing an *Anders* motion, we must consider "(1) whether counsel adequately fulfilled the rule's requirements; and (2) whether an independent review of the record presents any nonfrivolous issues." *United States v. Youla*, 241 F.3d 296, 300 (3d Cir. 2001) (citations omitted).

I.

Counsel's duties when submitting an *Anders* brief are "to satisfy the court that counsel has thoroughly examined the record in search of appealable issues," and "to explain why the issues are frivolous." *Id.* (citing *United States v. Marvin*, 211 F.3d 778,

2

780 (3d Cir. 2000)). Counsel need not "raise and reject every possible claim," but his or her brief must demonstrate "conscientious examination." *Id.*

Our review reveals that counsel has thoroughly considered, with adequate citation, all plausible bases for appeal. Counsel suggests and discusses two potential issues for appeal: the adequacy of the guilty plea and the appropriateness of the sentence.

## II.

When undertaking an independent review of the record we "confine our scrutiny to those portions of the record identified by an adequate *Anders* brief." *Id.* at 301.

As for the first issue, Cepeda failed to raise the sufficiency of the Rule 11 colloquy before the District Court, and so he must demonstrate plain error. *United States v. Vonn*, 535 U.S. 55, 58–59 (2002). A guilty plea must be "a voluntary and intelligent choice among alternative courses of action." *Hill v. Lockhart*, 474 U.S. 52, 56 (1985) (quoting *North Carolina v. Alford*, 400 U.S. 25, 31 (1970)).

We see no error, let alone plain error. The failure to enumerate the right to confrontation in the plea colloquy is not plain error here because Cepeda expressed his knowledge of this right in his Application for Permission to Enter Plea of Guilty. App. 18, para. 13. In addition to his adequate plea colloquy, Cepeda signed two documents explaining his decision to plead guilty: (1) the plea agreement and (2) the lengthy Application for Permission to Enter Plea of Guilty.

As for the second issue, we note Cepeda received a sentence well below the statutory maximum, and his sentence was based only on factors admitted by him. Because the government made a motion recommending a reduction in sentence, the District Court could and did sentence Cepeda both below the statutory minimum for the amount of drugs involved and below the minimum under the Sentencing Guidelines.

Cepeda faced a statutory maximum of 40 years' imprisonment, but received a sentence of 45 months. The government's motion allowed him to be sentenced below the guidelines range, which recommended 57 to 71 months. Also, the amount of narcotics involved here triggered a mandatory minimum of five years, 21 U.S.C. § 841(b), and the court could only sentence below the 60-month minimum because of the government's motion.

In *United States v. Davis*, 407 F.3d 162, 165 (3d Cir. 2005), we held that we would remand in cases where the sentencing court treated the Federal Sentencing Guidelines as mandatory, as it did here. Accordingly, there is a nonfrivolous issue with respect to sentencing. But Cepeda informed this court on March 6, 2006, that he does not request resentencing.[1] Our policy of vacating sentences entered before *United States v. Booker*,

_____

[1]In his *Anders* brief, Cepeda's counsel did not request resentencing. To clarify this issue, on January 13, 2006, we sent counsel a letter asking if Cepeda desired resentencing. In his response on February 1, counsel told us Cepeda requested resentencing, but that he (counsel) is opposed to resentencing, believing it not in Cepeda's best interests. On March 1, we sent a second letter, asking what advice Cepeda's counsel gave him regarding the risks of resentencing. On March 6, Cepeda wrote his attorney and copied

(continued...)

4

543 U.S. 220 (2005), applies when a defendant affirmatively requests resentencing. *See*

*Davis*, 407 F.3d at 166 ("Appellants have been directed to state whether they wish to

challenge their sentences under *Booker*. For those who do not, we consider the appeal on

the merits.").

III.

We will affirm the judgment of conviction and affirm the sentence. Defense

counsel's motion to withdraw is granted.

---

[1](...continued)
this court, telling him he had read the March 1 letter and that he desired "to withdraw his motion for resentencing." Cepeda also thanked his counsel for his "professional advice which is meant to protect [Cepeda's] interest."